# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS E. McCARN, individually and on behalf of all other similarly situated, | CASE NO. 1:12-cv-00375-LJO-SKO |
| Plaintiffs, | **ORDER GRANTING A PARTIAL STAY OF THE LITIGATION** |
| v. | |
| HSBC USA, Inc., et al., | (Docket Nos. 42, 47, 55, 60) |
| Defendants. | |

## I. INTRODUCTION

On March 12, 2012, Plaintiff filed a putative class-action complaint asserting, *inter alia*, violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA") against defendants HSBC USA, Inc.; HSBC Bank USA, N.A.; HSBC Mortgage Corp.; HSBC Reinsurance (USA), Inc. (collectively, "HSBC Defendants"); PMI Mortgage Insurance Co., ("PMI"), Genworth Mortgage Insurance Corp. ("Genworth"); United Guaranty Residential Insurance Co. ("United Guaranty"); Republic Mortgage Insurance Co. ("Republic"); Mortgage Guaranty Insurance Corp. ("Mortgage Guaranty"); and Radian Guaranty, Inc. ("Radian").

On April 3, 2012, Plaintiff filed a motion to stay the action pending the outcome of the United States Supreme Court's decision in *First American Financial Corporation, et al. v. Edwards*

1  ("*Edwards*").¹ (Doc. 42.) The Supreme Court granted certiorari in *Edwards* to consider whether a
2  private purchaser of real estate settlement services, such as Plaintiff here, has standing under Article
3  III, § 2 of the United States Constitution to assert a RESPA § 8 claim absent a showing that the
4  alleged violation affected the price, quality, or other characteristics of the settlement services
5  provided. (*See* Doc. 42, ¶ 1; Doc. 47, 12:18-22.) Plaintiff contends that the outcome of *Edwards*
6  may materially impact the claims and/or defenses asserted in the action.

7  On April 6, 2012, Defendants Mortgage Guaranty, PMI, Republic, and Radian (collectively,
8  "Moving Defendants") jointly filed a motion seeking a partial stay in light of *Edwards* and a motion
9  to dismiss. (Docs. 47, 54.) Moving Defendants assert that, while a partial stay of the litigation in
10 light of the pendency of *Edwards* is appropriate, Plaintiff lacks standing to file suit against them
11 regardless of the Supreme Court's decision in *Edwards*. In light of this, Moving Defendants request
12 that a partial stay be imposed permitting them to proceed with their motion to dismiss. (Doc. 47,
13 10:2-6 ("Although Moving Defendants could, in theory, agree to the complete stay pending the
14 decision in *Edwards* [footnote omitted], they request the right to file a limited motion to dismiss
15 under Rule 12(b)(1) that only addresses the failure of the Plaintiff to allege that these four defendants
16 engaged in the complained of practices with the Plaintiff.").)

17 On April 9, 2012, the HSBC Defendants and Plaintiff filed a stipulated request that the
18 HSBC Defendants be granted an extension of time to respond to the complaint until 30 days after
19 the Court's order on Plaintiff's motion to stay. (Doc. 55, 3:2-8.)

20 On April 11, 2012, Plaintiff and Defendants United Guaranty and Genworth filed a stipulated
21 request that the action be stayed against United Guaranty and Genworth pending the decision of the
22 United States Supreme Court in *Edwards*. (Doc. 60, 2:26-28.) The parties further stipulated that
23 United Guaranty and Genworth's time to move, answer, or otherwise respond to the complaint would
24 be extended until 45 days after the date on which the Court lifts the stay. (Doc. 60, 3:4-6.) Plaintiff

---

¹ *See Edwards v. First Am. Corp.*, 610 F.3d 514 (9th Cir. 2010), *cert. granted in part by First Am. Fin. Corp., v. Edwards*, 131 S.Ct. 3022 (Jun. 20, 2011) (granting review of Petitioner's second question, "[d]oes such a purchaser have standing to sue under Article III, § 2 of the United States Constitution, which provides that the federal judicial power is limited to "Cases" and "Controversies" and which this Court has interpreted to require the plaintiff to "have suffered an 'injury in fact,'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)?").

also indicated in the stipulation that he "intends to formally oppose the Non-Stipulating Defendants' motion seeking a partial stay." (Doc. 60, 2:20-22.)

Accordingly, currently pending before the Court are the following motions and stipulations:

1. Plaintiff's motion to stay the entire litigation pending a decision in *Edwards* (Doc. 42);
2. Moving Defendants' motion for a partial stay of the litigation (Doc. 47);
3. Moving Defendants' motion to dismiss (Doc. 54);
4. The USBC Defendants and Plaintiff's stipulated request that the USBC Defendants' time to file an answer or otherwise respond to the complaint be extended until 30 days after the Court decides Plaintiff's motion to stay (Doc. 55); and
5. Genworth, United Guaranty, and Plaintiff's stipulation to stay the litigation as to Genworth and United Guaranty and to extend their time to respond to Plaintiff's complaint until 45 days after the Court lifts the stay (Doc. 60).

For the reasons that follow, Moving Defendants' motion for partial stay is GRANTED; Plaintiff's motion to stay, currently set before Magistrate Judge Sheila K. Oberto, is DENIED as MOOT; all responses to Plaintiff's complaint that have not yet been filed shall be due 45 days from the date the Court issues an order lifting the stay of litigation; and Moving Defendants' motion to dismiss shall be heard on May 9, 2012.

## II.   DISCUSSION

**A.   Legal Standard – Stay of Proceedings**

A district court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). In determining whether to stay an action, courts must weigh competing interests that will be affected by the granting or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof,

and questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254-55).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 137 L. Ed.2d 945 (1997) (citing *Landis*, 299 U.S. at 255). "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255.

Pursuant to these standards, "[a] trial court may, with propriety, find it is more efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863-64. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

**B.     The Orderly Course of Justice Favors A Stay**

Generally, there is consensus among the parties that a stay is appropriate due to the pendency of *Edwards* before the Supreme Court.[2]  As Moving Defendants contend, if the Supreme Court decides in *Edwards* that Article III requires a RESPA plaintiff to plead economic injury, Plaintiff's claims may not survive, and Plaintiff asserts that "the outcome of *Edwards* may materially impact the claims and/or defenses asserted in the action." (Doc. 42, 3:8-9.)  Thus, there is no dispute that a stay during the pendency of *Edwards* favors the orderly course of justice. *See Munoz v. PHH Corp.*, No. 1:08-cv-00759-AWI-DLB, 2011 WL 4048708, at *2-4 (E.D. Cal. Sept. 9, 2011) (finding "no rational reason to proceed further in [the] case until the standing issue has been clarified by the Supreme Court"); *White v. PNC Fin. Servs. Grp. Inc.*, No. 11-cv-0792 (E.D. Pa. Mar. 5, 2012). Rather, the issue here is the scope of the stay imposed.

---

[2] The HSBC Defendants have not taken a position with respect to either Plaintiff's motion for a complete stay of the litigation or the Moving Defendant's motion for a partial stay.  However, Defendants Genworth and United Guaranty have stipulated to a complete stay of the action and Moving Defendants acknowledge that a partial stay in light of *Edwards* is appropriate.  (Doc. 60.)

4

**C.     Balance of Interests Weigh in Favor of Allowing a Limited Exception to the Stay**

As an initial matter, Plaintiff's motion to stay the entire litigation is set for hearing on May 2, 2012 (Doc. 42), and Moving Defendants' motion for a partial stay of the litigation is set for hearing on May 9, 2012 (Doc. 47). Although the deadline for each party to file oppositions to the respective motions has not yet passed, there is no need for further briefing. Plaintiff has adequately set forth his position for a complete stay of the litigation in his motion, and Moving Defendants' motion for a partial stay is essentially a partial opposition to Plaintiff's motion. The Court does not deem it expeditious to allow protracted briefing and litigation with respect to the dispute over the scope of the stay; this would defeat one of the primary objectives of the stay – i.e., efficiency.

To determine the scope of the stay, the Court must balance the potential damage to Moving Defendants against the possible hardship Plaintiff may suffer in proceeding with the motion to dismiss. *Hall*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). Moving Defendants contend that, regardless of the outcome in *Edwards*, they are nonetheless entitled to dismissal from the action because Plaintiff lacks standing to bring any claims against them. Moving Defendants contend that they will be harmed if they are not permitted to proceed with the motion to dismiss because they "would have to follow expensive and needless litigation hold practices and would face disclosures and public relations inquiries." (Doc. 47, 15:11-12.) Moving Defendants further assert that "allowing the case to remain pending creates a risk that the statute of limitations might (although it should not) be tolled for some future plaintiff." (Doc. 47, 15:13-14.)

Plaintiff maintains that a complete stay of the action pending a decision in *Edwards* will "eliminate the potential for serial and/or piecemeal motions to stay and/or motions to dismiss that may be filed by any of the named Defendants in this action . . . [and will] promote the orderly and efficient administration of justice and prosecution of this action and conserve both the Court's and the parties' time and resources." (Doc. 42, ¶ 3.) Further, any stay of the litigation will likely be brief as the Supreme Court heard oral argument in *Edwards* in November 2011, and a decision is expected in June 2012.

On balance, Moving Defendants' interests in resolving whether Plaintiff has standing to bring claims against them outweighs any potential harm to Plaintiff in proceeding with the motion to

dismiss. Moving Defendants' motion to dismiss presents standing arguments that are unrelated to the issue to be decided in *Edwards*. (*See* Doc. 54.) If Moving Defendants are in fact entitled to dismissal from the suit regardless of the outcome in *Edwards*, forcing them to remain in the litigation during the pendency of *Edwards* is unnecessary and potentially damaging. The possible harm to Plaintiff in resolving the motion to dismiss in advance of *Edwards* is an outlay of resources defending against a motion that may be moot if *Edwards* undercuts the viability of Plaintiff's claims. This potential harm to Plaintiff, however, is more conjectural than that presented by Moving Defendants because it is possible that a decision in *Edwards* will not be dispositive of Plaintiff's claims. Moving Defendants, on the other hand, will necessarily be subject to months-long delay if a stay is imposed even if they are entitled to dismissal on grounds unrelated to *Edwards.*

As there is a fair possibility that a complete stay of the litigation would be harmful to Moving Defendants, there must be a "clear case of hardship or inequity" nonetheless warranting the stay. *Landis*, 299 U.S. at 255. Requiring Plaintiff to defend against a motion to dismiss now that he may have to address after a decision is issued in *Edwards,* does not amount to a "clear hardship or inequity," particularly because Plaintiff instituted these proceedings.[3] Moreover, it is more efficient for the Court to decide issues unrelated to *Edwards* immediately, instead of putting off matters that will slow the course of the litigation later and subject Moving Defendants to potentially harmful and unwarranted delay. Therefore, while the Court concludes that a stay of the litigation during the pendency of *Edwards* is warranted pursuant to *Landis*, the interests weigh in favor of a narrow exception to the stay by allowing Moving Defendants to proceed with their motion to dismiss.

### III.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants Mortgage Guaranty, PMI, Republic, and Radian's Motion for a Partial Stay is GRANTED;

---

[3] The same standing issue raised in Moving Defendants' motion to dismiss is also being litigated by Plaintiff's counsel on behalf of a different plaintiff against Moving Defendants in an unrelated action pending before the U.S. District Court for the Central District of California; thus any resources expended by Plaintiff's counsel defending the motion to dismiss here will be somewhat limited as they have already prepared an opposition to a similar motion to dismiss in *Samp v. JP Morgan Chase Bank, N.A.*, Case No. 5:11-cv-01950-VAP-SP, Docs. 103, 104 (C.D. Cal.) that addresses Moving Defendants' arguments.

2. Plaintiff's Motion to Stay, currently pending before Magistrate Judge Sheila K. Oberto, is DENIED as MOOT;

3. The case is STAYED with the exception of the motion to dismiss currently set for May 9, 2012;

4. All responses to the complaint that are not currently filed shall be due 45 days after the Court issues an order lifting the stay; and

5. Plaintiff shall file a status report every 45 days indicating whether a decision in *Edwards* has been issued.

IT IS SO ORDERED.

Dated:   **April 12, 2012**                              /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE