1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  LISA M. SIMONETTI (State Bar No. 165996)
   SHANNON E. PONEK (State Bar No. 261135)
3  2029 Century Park East
   Los Angeles, CA 90067-3086
4  Telephone:  310-556-5800
   Facsimile:   310-556-5959
5  Email:       *lacalendar@stroock.com*

6
   Attorneys for Defendants
7    HSBC USA, INC., HSBC BANK USA, N.A., HSBC MORTGAGE
     CORPORATION and HSBC REINSURANCE (USA) INC.
8
                         **UNITED STATES DISTRICT COURT**
9
                         **EASTERN DISTRICT OF CALIFORNIA**
10
                                 **FRESNO BRANCH**
11

12 | LUCAS E. MCCARN, individually and on behalf of all others similarly situated, | ) | Case No. 1:12-cv-00375-LJO-SKO |
|---|---|---|
|   Plaintiff, | ) ) | [Assigned to the Hon. Lawrence J. O'Neill] |
|   vs. | ) ) ) | **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| HSBC USA, INC., HSBC BANK USA, N.A., HSBC MORTGAGE CORPORATION, HSBC REINSURANCE (USA) INC., UNITED GUARANTY RESIDENTIAL INSURANCE CO., PMI MORTGAGE INSURANCE CO., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., and RADIAN GUARANTY INC., | ) ) ) ) ) ) ) ) ) ) | Hearing<br>Date:      N/A<br>Time:      N/A<br>Courtroom: Courtroom 4, Seventh Floor<br><br>[[Proposed] Order lodged concurrently]<br><br>Action Filed: March 12, 2012 |
|   Defendants. | ) ) |   |

LA 51590773v1

**TO THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants HSBC USA, Inc., HSBC Bank USA, N.A., HSBC Mortgage Corporation and HSBC Reinsurance (USA) Inc., by and through their counsel, will and hereby do move this Court, located in Courtroom 4, Seventh Floor of the United States District Court, Eastern District of California, located at 2500 Tulare Street, Fresno, California, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing with prejudice the Amended Complaint. Pursuant to the Court's Order to Set Briefing Schedule on F.R.Civ.P. 12 Motions, Docket No. 114 (the "Scheduling Order"), the Court will consider all F.R.Civ.P. 12 motions, including the present Motion, on the record without a hearing. Pursuant to the Scheduling Order, plaintiff Lucas E. McCarn ("Plaintiff") must file a response to this Motion by October 26, 2012.

This Motion is made on the following grounds:

1. Plaintiff's First Cause of Action for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA") is barred by the statute of limitations;
2. Plaintiff's Second Cause of Action for unjust enrichment does not state a claim for which relief may be granted; and
3. Plaintiff First Cause of Action must be dismissed with respect to defendants Mortgage Guaranty Insurance Cop., Republic Mortgage Insurance Co., Radian Guaranty, Inc. and Genworth Mortgage Insurance Corporation because Plaintiff lacks standing.

/ / /
/ / /
/ / /

- 1 -

LA 51590773v1

This Motion is based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, the pleadings and papers on file herein, all other matters of which the Court may take judicial notice and such other or further material as may be presented at or in connection with the hearing of this Motion.

Dated: October 5, 2012

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
LISA M. SIMONETTI
SHANNON E. PONEK


By: /s/ Lisa M. Simonetti
　　　　　　Lisa M. Simonetti

Attorneys for Defendants
　HSBC USA, INC., HSBC BANK USA, N.A.,
　HSBC MORTGAGE CORPORATION, and
　HSBC REINSURANCE (USA) INC.

- 2 -

LA 51590773v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In the Amended Complaint (the "Amended Complaint"), plaintiff Lucas McCarn ("Plaintiff") asserts that defendants HSBC USA, Inc. ("HSBC USA"), HSBC Bank USA, N.A. ("HSBC Bank") and HSBC Mortgage Corp. ("HSBC Mortgage"), and collectively with HSBC USA and HSBC Bank, "HSBC") required him and other home buyers to purchase private mortgage insurance ("PMI") and referred them to specified insurers. The insurers, in turn, reinsured the PMI policies with HSBC Reinsurance (USA) Inc. ("HSBC Re") under a captive reinsurance arrangement. Plaintiff contends that HSBC Re did not assume risk commensurate with the premiums it received, and the premium payments therefore are "kickbacks" prohibited by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"). In addition to alleging a RESPA claim, Plaintiff alleges a claim for unjust enrichment.

Very simply, Plaintiff's claims are barred by the applicable statute of limitations. The statute of limitations under RESPA expires one year from the date of loan closing. Paragraph 19 of the Complaint states that Plaintiff's loan closed in 2006, <u>over five years before the litigation was commenced</u>. Plaintiff, however, attempts to plead around this obvious defect by alleging HSBC's fraudulent concealment and equitable tolling of the limitations period. Tolling is not appropriate here, however, and fraudulent concealment is not pleaded with the requisite specificity. At best, Plaintiff claims he could not bring his claims earlier because he did not consult with an attorney until sometime in 2012. But a plaintiff who is on notice of facts supporting his claims, or otherwise could have discovered such facts through the exercise of reasonable diligence, including based on public information, cannot just wait to consult with an attorney. Plaintiff's unexplained delay in filing his suit is fatal to his claims.

Similarly, Plaintiff's claim for unjust enrichment fails. The limitations period for an unjust enrichment claim is three years and, thus, it is time-barred, as well. Plaintiff's unjust enrichment claim also fails because unjust enrichment is not a viable stand-alone cause of action under California law.

- 1 -

LA 51590773v1

Moreover, to the extent Plaintiff's allegations relate to HSBC's insurance arrangements with defendants Mortgage Guaranty Insurance Corp. ("MGIC"), Republic Mortgage Insurance Co. ("RMIC"), Radian Guaranty Inc. ("Radian") and Genworth Mortgage Insurance Corporation ("Genworth," and collectively the "Non-Contracting Defendants"), Plaintiff lacks standing. Plaintiff has failed to allege that any purported injury he suffered is traceable to the Non-Contracting Defendants actions. The court previously granted the motion to dismiss filed by MGIC, RMIC and Radian; however, Plaintiff has failed to cure the deficiencies in the Amended Complaint. Accordingly, for the reasons set for MGIC, RMIC and Radian's Motion to Dismiss (Docket No. 94) and Genworth's Motion to Dismiss (Docket No. 111), the Court should dismiss Plaintiff's claims against the Non-Contracting Defendants.

As amply demonstrated below, this Motion should be granted in its entirety and the FAC dismissed without leave to amend.

## II.   ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff obtained a home mortgage loan from HSBC Mortgage in 2006. (Am. Compl. ¶ 19.) HSBC Mortgage purchased mortgage insurance for that loan from United Guaranty Residential Insurance Co. ("United Guaranty") to insure itself against the risk that plaintiff might default. (Id. 2.) Plaintiff asserts that, in exchange for HSBC Mortgage's purchase of mortgage insurance from United Guaranty, United Guaranty in turn bought mortgage reinsurance coverage for his loan from HSBC Re, a reinsurance company affiliated with HSBC Mortgage. (Am. Compl. ¶¶ 1-14, 19.) Plaintiff alleges that this purported "exchange" violated his "right to a real estate settlement free of unlawful kickbacks and unearned fees" under RESPA, 12 U.S.C. § 2607(a) & (b), because the reinsurance supposedly was a "sham" that did not involve a "real transfer of risk." (Am. Compl. ¶¶ 106, 170-74.) Plaintiff brings a claim under RESPA not only against United Guaranty, but against other mortgage insurers in the industry as well (namely, the Non-Contracting Defendants), who neither insured his loan nor agreed to reinsure his loan with HSBC Re. The remainder of the fifty-two page Amended Complaint merely recites from publically available news articles and legal and regulatory documents, some dating back to 1997 and 1998, that generally

explain the mortgage reinsurance industry. Plaintiff then alleges that, based on these sources, HSBC's transaction with United Guaranty and the Non-Contracting Defendants violates RESPA.

### III.   RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on March 12, 2012. MGIC, RMIC and Radian moved to dismiss the original Complaint for lack of standing. (Dkt. 54.) The Court granted the motion, holding that plaintiff had failed to plead any causal connection between his alleged injury and any action of the MGIC, RMIC and Radian. (Dkt. 72. (the "Order") at 11.) The Court concluded that plaintiff had alleged, at best, a "rimless" hub-and-spoke conspiracy, which "should not be treated as a single, general conspiracy, but instead as multiple conspiracies between the common defendant and each of the other defendants." (Order at 7.) The Court rejected Plaintiff's argument that "[h]ad the defendants chosen not to participate, the scheme would have imploded," because that allegation was not contained in his complaint, and was in fact refuted by the materials he submitted. (Order at 8-9.) The Court granted plaintiff "one opportunity to amend the complaint in an attempt to cure the deficiencies herein." (Order at 11.) Plaintiff has now filed his Amended Complaint (Dkt. 88), which fails to cure the deficiencies this Court identified in its Order. Accordingly, for the reasons set forth herein, the Amended Complaint is fatally flawed and must be dismissed with prejudice.

### IV.   ARGUMENT

**A.   Legal Standard On A Motion To Dismiss.**

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Ashcroft, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 678 (citing Twombly, 550 U.S. at 557).

- 3 -

LA 51590773v1

To establish standing, a plaintiff must show that: (a) he has "suffered an injury in fact"; (b) there is a "causal connection between the injury and the conduct" of the defendants; and (c) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations omitted). Plaintiff must establish these elements with respect to each defendant in the case. See, e.g., Johnson v. GEICO Cas. Co., 673 F. Supp. 2d 244 (D. Del. 2009) (holding that standing must be showing for each defendant; ordering dismissal where two defendants were not alleged to have provided insurance to any of the named plaintiffs); Mull v. Alliance Mortgage Banking Corp., 219 F. Supp. 2d 895, 908 (W.D. Tenn. 2002) ("each named plaintiff must demonstrate that he satisfies the requirements of standing vis-à-vis each defendant").

### B.    Plaintiff's RESPA Claims Are Untimely.

Plaintiff's claims are barred by the applicable statute of limitations. The statute of limitations under RESPA expires one year from the date of loan closing. See Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359 (5th Cir. 2003); Ayon v. JPMorgan Chase Bank, No. CV F 12-0355 LJO SKO, 2012 WL 1189455 (E.D. Cal. Apr. 9, 2012); Altman v. PNC Mortgage, 850 F. Supp. 2d 1057, 1074 (E.D. Cal. 2012) ("The 'primary ill' which RESPA seeks to remedy is 'the potential for unnecessarily high settlement charges caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the service, typically at the closing") (internal quotations omitted); Singh v. Litton Loan Servicing LP, No. CVF10-1355, 2011 WL 1627315, at *7-8 (E.D. Cal. Apr. 28, 2011) (Claims under RESPA section 2607 were barred by the one-year statute of limitations; the loan closed in 2006, but the complaint was not filed until 2010). Paragraph 19 of the Complaint states that McCarn's loan closed in 2006, over five years before the litigation was commenced. Accordingly, McCarn's claims are barred by the statute of limitations.

McCarn, however, attempts to plead around this obvious defect by alleging HSBC's fraudulent concealment and equitable tolling of the limitations period and the application of "discovery rule." (See Am. Comp. ¶¶ 145-163.) McCarn's allegations do not support the application of these tolling principles. These arguments are refuted by the allegations in the

- 4 -

LA 51590773v1

Amended Complaint. In addition, McCarn fails to plead these arguments with the requisite specificity.

### 1. Plaintiff's Allegations Defeat Any Tolling Or Fraudulent Concealment Argument.

The Amended Complaint's allegations, on their face, defeat any tolling and concealment arguments. A finding of fraudulent concealment requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time. Santa Maria v. Pacific Bell, 202 F.3d 1170, 1177 (9th Cir. 2000), overruled on other grounds by Socop-Gonzalez v. INS, 272 F.3d 1176, 1184 (9th Cir. 2001). A finding of fraudulent concealment turns on a variety of factors, including: (a) plaintiff's actual and reasonable reliance on the defendant's conduct or representations; (b) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct; and (c) the extent to which the purposes of the limitations period have been satisfied. Santa Maria, 202 F.3d at 1176; see also Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002) (stating that fraudulent concealment "may come into play if the defendant takes active steps to prevent the plaintiff from suing in time"). Equitable tolling focuses on excusable delay (i.e., if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim). Santa Maria, 202 F.3d at 1178.

Notably, in a similar case, the Northern District of California applied these principles to strike tolling and concealment allegations. See Kay v. Wells Fargo & Co., N.A., No. C 07-01351, 2007 WL 2141292, at *4-6 (N.D. Cal. July 24, 2007). With respect to tolling, the court found that plaintiff failed to allege facts sufficient to find tolling or fraudulent concealment because the plaintiff alleged that the reinsurance arrangement was a "self-concealing wrong," and so complicated that class members could not have discovered it, but plaintiff failed to identify what information they lacked. Id., at *4; see also Ayon, 2012 WL 1189455, at *9 ("[t]he mere existence of [statutory] violations and lack of disclosure does not itself equitably toll the statute of limitations. This is sensible, because it is in line with the generally applicable principles of equitable tolling, and because a contrary rule would render the one-year state of limitations

meaningless, as it would be tolled whenever there were improper disclosures.") (quoting Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009)).  In fact, the court noted that named plaintiff timely had filed her own claim, stating:

> [M]uch of the information on which plaintiff relies in her complaint was released by the Department of Housing and Development in a letter from 1997 which warned of the dangers of kick-back schemes in captive reinsurance agreements.  Plaintiff also puts forth a chart showing that as far back as 2000, [the reinsurer] allegedly paid out zero dollars in claims despite receiving considerable amount of money from premiums.  Presumably, this information was publicly available, not just to [plaintiff], but to the other putative class members whose mortgages closed more than one year before the [plaintiff] filed her claim.

Kay, 2007 WL 2141292, at *4.

With respect to concealment, the court in Kay found that the plaintiff had alleged nothing more than the underlying violation of RESPA, which is insufficient.  As noted by the court, "[f]raudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time."  Id., at *5 (citing Santa Maria, 202 F.3d at 1170).

Here, Plaintiff's allegations are like those in Kay and should be dismissed.  For instance, both plaintiffs allege that defendants "knowingly and actively concealed" their reinsurance arrangement and that plaintiffs could not reasonably have discovered the basis for their claims.  (Am. Compl. ¶¶ 151-154.)  Notably, paragraph 150 of the Amended Complaint alleges that it was counsel that became aware of the claims.  The same counsel filed earlier cases, starting in 2007.  See, e.g., Ligouri v. Wells Fargo & Co., No. 5:08-cv-00479-PD (E.D. Pa. June 2, 2008); Alexander v. Wash. Mut., Ins., No. 2:07-cv-04426-TON (E.D. Pa. Oct. 22, 2007); Alston v. Countrywide Fin. Corp., No. 2:07-cv-03508-JG (E.D. Pa. Dec. 22, 2006); Moore v. GMAC Mortg., No. 2:07-cv-04296-PD (E.D. Pa. Oct. 12, 2007).

Further, as in Kay, Plaintiff purports to rely on articles and materials available long before the filing of the Complaint, supporting an argument that Plaintiff and his counsel were on notice of the claims at an earlier date:

- 6 -

LA 51590773v1

- Jeff Horwitz, *Bank Mortgage Kickback Scheme Thrived Amid Regulatory Inaction*, American Banker (Sept. 16, 2011, 7:45 PM), http://www.americanbanker.com /issues/176_181/mortgages-reinsurancedeals-kickbacks-HUD-1042277-1.html, attached as Exhibit A to the Amended Complaint;

- Jeff Horwitz, *Banks Took $6B in Reinsurance Kickbacks, Investigators Say*, American Banker (Sept. 6, 2011, 4:55 PM), http://www.americanbanker.com/…/176_173 /mortgage-reinsurance-respa-kickbacks-hud-investigation-doj-1041928-1.html, attached as Exhibit B to the Amended Complaint;

- Timothy J. Cremin, *Using a Bank Captive Subsidiary to Reinsure Mortgage Insurance*, (Mar. 23, 1998), http://www.captive.com/service/milliman/article3_ mortgages. html, attached as Exhibit H to the Amended Complaint; and

- Michael C. Schmitz, *Investigating Captive Mortgage Reinsurance*, Mortgage Banking, February 1, 1998, attached as Exhibit L to the Amended Complaint.

Accordingly, Plaintiff's allegations reflect delay, not diligence, and do not identify any extraordinary circumstances that prevented him from obtaining information bearing on the existence of his claim. Based on such allegations, Plaintiff's equitable tolling or fraudulent concealment arguments fail, and Plaintiff's claims are barred by the statute of limitations.

### 2. The "Discovery Rule" Is Not Pleaded With The Requisite Specificity.

Finally, Plaintiff cannot salvage his untimely claims based on the "discovery rule." "The 'discovery rule' . . . assumes that the elements of accrual including harm exist, but tolls the [running] of the statute until the plaintiff is on inquiry notice of its injury (and its wrongful cause)." "To rely on delayed discovery of a claim, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Ayon, 2012 WL 1189455, at *9 (internal citations omitted).

To satisfy the first requirement of the delayed discovery rule, the time and manner of discovery, "a plaintiff must allege 'facts showing the time and surrounding circumstances of the

- 7 -

LA 51590773v1

discovery of the cause of action upon which they rely.'" Id. (citation omitted). "The purpose of this requirement is to afford the court a means of determining whether or not the discovery of the asserted invasion was made within the time alleged, that is, whether plaintiffs actually learned something they did not know before." Id. (citation omitted). To satisfy the second requirement, a plaintiff bears the burden of showing that "despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." Id. (citation omitted). The plaintiff must also "plead facts showing an excuse for late discovery of the facts underlying his cause of action," including facts showing that the plaintiff "was not at fault for failing to discover or had no actual or presumptive knowledge of facts sufficient to put it on inquiry." Id. (citations omitted).

Plaintiff's Amended Complaint falls far short of establishing these elements. Rather than plead "the time and manner of discovery," Plaintiff failed to provide any allegations about when he discovered his claims or the circumstances that led him to do so. Thus, this Court has no means "of determining whether or not the discovery of the asserted invasion was made within the time alleged, that is, whether plaintiffs actually learned something they did not know before." Bennett v. Hibernia Bank, 47 Cal. 2d 540, 563 (1956).

Plaintiff similarly fails to allege any "excuse for late discovery of the facts underlying his cause of action." In Ayon, this Court rejected the plaintiff's "discovery rule" arguments because the plaintiff had merely made "sweeping references to failure to disclose 'key provisions of Plaintiff's mortgage,'" but failed to allege that he "was prevented to compare what documents he received to the TILA disclosure requirements," or that he "lacked information relevant to discovery of a TILA violation when [his] loan was consummated." 2012 WL 1189455, at *10 (citations omitted). Plaintiff's allegations are similarly deficient. Plaintiff alleges that HSBC failed to disclose certain unspecified information about the reinsurance of Plaintiff's mortgage insurance. However, he does not allege that he was unable to investigate whether information was missing from his loan documents from the moment he received those documents. Nor can Plaintiff show that he would not have reasonably been able to discover the alleged deficiencies in HSBC's disclosures had he been diligent in trying to do so. Moreover, Plaintiff was able to obtain

- 8 -

information about his claims by reviewing publicly-available news articles, regulatory filings and court documents, many of which were available to Plaintiff during the one-year limitations period or, at a minimum, long before Plaintiff filed his lawsuit. See, e.g., Am. Compl., ¶ 150, and Exs. H, L, M, N, O and CC.

Plaintiff also alleges that, "beginning in 1999, several of the nation's major private mortgage insurance providers were sued separately for analogous allegations involving RESPA violations." Am. Compl, ¶ 24 n.11 (citing cases) (emphasis added). Plaintiff does not allege, and could not allege, that he did not have access to these public sources of information at the time he signed his loan documents in 2006, or that he could not have obtained this information through the exercise of diligence. Plaintiff therefore has failed to allege either of the two required elements of the discovery rule.

In sum, Plaintiff has failed to allege facts sufficient to support the application of equitable tolling, fraudulent concealment or the discovery rule to toll his RESPA claim. Plaintiff's RESPA claim is therefore time-barred.

## C.   Plaintiff's Claim For Unjust Enrichment Fails.

The Court should dismiss Plaintiff's second cause of action for unjust enrichment with prejudice. "'[T]here is no cause of action for unjust enrichment under California law.'" Low v. LinkedIn Corp., No. 11-CV-01468-LHK, 2012 WL 2873847, at *15 (N.D. Cal. July 12, 2012) (citations omitted). A cause of action for unjust enrichment is invalid even when it is limited to seeking restitution as a form of relief. See Fraley v. Facebook, Inc., 830 F. Supp. 2d 785, 815 (N.D. Cal. 2011) ("To the extent Plaintiffs have pled causes of action that give rise to restitution as a remedy, the Court agrees that they may properly seek restitution as a form of relief in connection with those claims . . . Because Plaintiffs have already properly pleaded restitution in their demand for relief under § 3344 and the UCL, and because they cannot cure through amendment the fact that unjust enrichment is not an independent cause of action under California law, the Court finds no need to grant Plaintiffs leave to amend their third cause of action" for unjust enrichment.); Stanislaus Food Prods. Co. v. USS-POSCO Indus., No. CV F 09-0560 LJO SMS, 2010 WL 3521979, at *32 (E.D. Cal. Sept. 03, 2010) (dismissing unjust enrichment claim seeking restitution

where "plaintiff is fully protected for restitution" and "Plaintiff alleges numerous statutory violations which protect it from the same alleged harm as contained in plaintiff's unjust enrichment claim").

Regardless of whether Plaintiff's unjust enrichment claim is an independent cause of action, it is entirely coextensive with Plaintiff's RESPA claim, and it therefore is barred. See In re Apple & AT&T iPad Unlimited Data Plan Litig., 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) ("plaintiffs can not assert unjust enrichment claims that are merely duplicative of statutory or tort claims"); Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 937 (3d Cir. 1999) (rejecting unjust enrichment claim once underlying tort claims had been dismissed).

Moreover, "as a matter of law, a quasi-contract action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights." California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc., 94 Cal. App. 4th 151, 172 (2001). Here, Plaintiff has no quasi-contractual right to recovery because Plaintiff's claims are based on binding agreements between the parties, including between Plaintiff and his lender.

Finally, the limitations period for an unjust enrichment claim, if considered under California law, is three years, since it is grounded in HSBC's allegedly fraudulent actions. See Cal. Code Civ. Proc. § 338(d); Fed. Deposit Ins. Corp. v. Dintino, 167 Cal. App. 4th 333, 348 (2008). Thus, for the same reasons set forth above, Plaintiff's claim is time barred.

Accordingly, Plaintiff's second cause of action should be dismissed with prejudice.

**D.    Plaintiff Lacks Standing For The Claims Related To HSBC's Relationship With GMIC, MGIC, Radian and Genworth.**

As set forth in more detail in RMIC, MGIC and Radian's Motion to Dismiss the Amended Complaint (Dkt. No. 94), Plaintiff has no standing to sue RMIC, MGIC, Radian or Genworth because (1) these defendants did not insure Plaintiff's mortgage; (2) Plaintiff has failed to properly allege a hub-and-spoke conspiracy; and (3) RESPA does not authorize conspiracy or aiding and abetting liability claims. Accordingly, the Amended Complaint should be dismissed with prejudice against RMIC, MGIC, Radian and Genworth and any allegations regarding the alleged conspiracy should be stricken.

**E.     Leave to Amend Should Be Denied.**

It is fundamental that a court properly denies leave to amend where "the plaintiff[] cannot cure the basic flaw in [his] pleading . . . [and] any amendment would be futile." Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1087-88 (9th Cir. 2002).  An amendment is futile "when allegation of other facts consistent with the existing pleading could not cure the deficiency." In re Century City Doctors Hosp., LLC, Nos. CC-09-1235-MkJaD, LA 08-23318-SB, LA 09-01101-SB, 2010 WL 6452903 at * 12 (citing Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986)).  When considering whether to dismiss without leave to amend based on futility, a court is not required to consider "hypothetical amended pleadings containing allegations inconsistent with those already alleged." Id. at *14.  Here, Plaintiff took the opportunity to amend his Complaint after the Court granted RMIC, MGIC and Radian's prior motion to dismiss.  (Dkt. No. 72.)  However, Plaintiff's second attempt fails to state a claim and any additional amendment of the complaint would be futile.

Specifically, as discussed herein, the Amended Complaint amply confirms that Plaintiff's claims are barred by the applicable statutes of limitations, and any subsequent pleading would not cure this defect without contradicting the Amended Complaint. Reddy, 912 F.2d at 296-97.  In addition, Plaintiff's second cause of action for unjust enrichment fails as a matter of law.  Finally, the Court's order granting RMIC, MGIC and Radian's prior motion to dismiss permitted Plaintiff one opportunity to amend the complaint to allege claims for conspiracy.  Plaintiff's Amended Complaint remains deficient.  Therefore, leave to amend should be denied.

///

///

- 11 -

LA 51590773v1

## V.     CONCLUSION

For the foregoing reasons, and the reasons articulated in RMIC, MGIC and Radian's Motion to Dismiss (Dkt. No. 94), HSBC respectfully requests that the Court dismiss Plaintiff's First Amended Class action Complaint with prejudice.

Dated:  October 5, 2012

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
LISA M. SIMONETTI
SHANNON E. PONEK


By: _____/s/ Lisa M. Simonetti_____
             Lisa M. Simonetti

Attorneys for Defendants
  HSBC USA, INC., HSBC BANK USA, N.A.,
  HSBC MORTGAGE CORPORATION, and
  HSBC REINSURANCE (USA) INC.

- 12 -

LA 51590773v1

# CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2012, copies of the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** were filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

By: _*/s/ Lisa M. Simonetti*_
Lisa M. Simonetti

- 13 -

LA 51590773v1