1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8

9

10

11

12

13

14

15

16

17

| | |
|---|---|
| LUCAS E. MCCARN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HSBC USA, INC., HSBC BANK USA, N.A., HSBC MORTGAGE CORPORATION, HSBC REINSURANCE (USA) INC., UNITED GUARANTY RESIDENTIAL INSURANCE CO., GENWORTH MORTGAGE INSURANCE CORP., REPUBLIC MORTGAGE INSURANCE CO., MORTGAGE GUARANTY INSURANCE CORP., and RADIAN GUARANTY INC.<br><br>Defendants. | 1:12-CV-00375-LJO-SKO<br><br>**ORDER ON MOTIONS TO DISMISS**<br>(Doc. 94, 106, 111, 117) |

18

**INTRODUCTION**

19

20

21

22

23

24

25

26

27

28

On July 30, 2012, Plaintiff Lucas E. McCarn ("Plaintiff") filed his first amended putative class-action complaint ("FAC") asserting violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA") and common law unjust enrichment claims against defendants HSBC USA, Inc.; HSBC Bank USA, N.A.; HSBC Mortgage Corp.; HSBC Reinsurance (USA), Inc. ("HSBC RE") (collectively, "HSBC Defendants"); United Guaranty Residential Insurance Co. ("United Guaranty"), Genworth Mortgage Insurance Corp. ("Genworth"); Republic Mortgage Insurance Co. ("Republic"); Mortgage Guaranty Insurance Corp. ("MGIC"); and Radian Guaranty, Inc. ("Radian") (collectively, "PMI Defendants"). Defendants filed motions to dismiss both causes of action in the FAC between August and October 2012. For the reasons discussed below, this Court GRANTS Defendants' motions to dismiss.

1

1

**BACKGROUND**

2

**A.  Facts**

3      Plaintiff Lucas E. McCarn obtained a mortgage loan from HSBC Mortgage Corp. on or about

4  November 21, 2006.  Doc. 88, ¶ 19.  In connection with the loan, Plaintiff was required to and

5  did pay for private mortgage insurance ("PMI") in the amount of $154.40 per month.  *Id*.  Borrowers

6  do not generally have any opportunity to comparison-shop for mortgage insurance, which is arranged

7  by the lender.  *Id*. at ¶ 41.  United Guaranty was selected by HSBC to provide PMI to Plaintiff.  *Id*. at ¶

8  19.

9      United Guaranty was a PMI provider with whom HSBC had a "captive reinsurance

10  arrangement," whereby HSBC required the provider, as a condition of doing business with HSBC, to

11  purchase reinsurance from HSBC RE, an HSBC subsidiary.  *See id*. at ¶ 1.  Plaintiff alleges that this

12  type of arrangement was widespread throughout the mortgage lending marketplace and that it

13  essentially amounted to the lender "coercing [PMI] insurers into cutting [the lender] in on …

14  [lucrative] insurance premiums in exchange for assuming little or no risk."  *Id*. at ¶ 3.  HSBC had the

15  same or substantially similar captive reinsurance arrangements not only with United Guaranty, the

16  provider of PMI to Plaintiff, but also with the other PMI Defendants.   Plaintiff alleges all Defendants

17  "acted in concert" to "effectuate a captive reinsurance scheme."   *Id*. at ¶ 1.  Plaintiff alleges that

18  Defendants' "coordinated actions resulted in a reduction of competition in the mortgage insurance

19  market and resulted in increased premiums for Plaintiff and the [putative] class."  *Id*. at ¶ 15.

20      These captive reinsurance arrangements were the subject of regulatory attention in light of anti-

21  kickback provisions contained within RESPA.  *Id*. at ¶ 84-88.  According to a 1997 letter issued by the

22  United States Department of Housing and Urban Development ("HUD"), the agency charged with

23  enforcing RESPA during most of the class period, captive PMI reinsurance arrangements were

24  permissible under RESPA only if "the payments to the affiliated reinsurer: (1) are for reinsurance

25  services 'actually furnished or for services performed' and (2) are bona fide compensation that does

26  not exceed the value of such services[.]"   *Id*. at ¶ 85.  The HUD letter stated: "The reinsurance

27  transaction cannot be a sham under which premium payments … are given to the reinsurer even though

28  there is no reasonable expectation that the reinsurer will ever have to pay claims."  *Id*.  Plaintiff alleges

that the type of reinsurance agreement utilized by HSBC with its PMI providers violated RESPA.  *See id*. at 84-88.  Plaintiff further alleges that HSBC Defendants received unjust enrichment from the amounts ceded to HSBC RE as reinsurance premiums and that PMI Defendants received unjust enrichment from the steady stream of business they received in return for ceding those portions of the borrowers' premiums to HSBC Defendants.  *Id*. at ¶¶178-183.

**B.  Procedural History**

Plaintiff Lucas E. McCarn filed a putative class action complaint on March 12, 2012.  On May 29, 2012, this Court granted Defendants MGIC, PMI, Radian, and Republic's motion to dismiss with leave to amend the complaint.[1]  This Court lifted a partial stay of the action pending the outcome of the United States Supreme Court's decision in *First American Financial Corporation, et al. v. Edwards*, 132 S. Ct. 2536 (2012) on July 9, 2012, and Plaintiff filed the FAC on July 30, 2012.  The instant motions to dismiss the FAC were filed by Defendants MGIC, Radian, and Republic on August 16, 2012, by Defendant United Guaranty on August 30, 2012, by Defendant Genworth on August 30, 2012, and by HSBC Defendants on October 5, 2012.  Plaintiff filed oppositions to the motions to dismiss on October 26, 2012 and Defendants filed replies on November 5, 2012.

**DISCUSSION**

**Motion to Dismiss**

**A.    Dismissal under Fed. R. Civ. P. 12(b)(1)**

HSBC Defendants, MGIC, Republic, Radian, and Genworth challenge Plaintiff's standing to sue the non-contracting Defendants, MGIC, Republic, Radian, and Genworth, pursuant to Fed. R. Civ. Pro 12(b)(1), which provides for dismissal of an action for "lack of subject-matter jurisdiction."[2]  Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction.  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp*., 655 F.2d 968, 968–69 (9th Cir. 1981).

---

[1] PMI Mortgage Insurance was later dismissed as a defendant on June 7, 2012.  Doc. 77.

[2] Defendants MGIC, Republic, Radian, and Genworth also challenge the merits of Plaintiff's economic theory of injury as well as the availability of conspiracy and aiding and abetting liability claims against non-contracting parties under RESPA. Because this Court finds the standing and timeliness issues to be dispositive of Plaintiff's claims, it declines to address these other issues at this time.

3

A challenge to subject matter jurisdiction may be facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.  *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

HSBC Defendants, MGIC, Republic, Radian, and Genworth make a facial attack on the sufficiency of the allegations in the FAC.  The standards used to resolve motions to dismiss under Rule 12(b)(6) are relevant to disposition of a facial attack under 12(b)(1).  *See Cassirer v. Kingdom of Spain*, 580 F.3d 1048, 1052 n.2 (9th Cir. 2009) (applying *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) to a motion to dismiss for lack of subject matter jurisdiction).  As discussed further below, to sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."  *Id.*

The "irreducible constitutional minimum of standing" requires (1) the plaintiff to have suffered an "injury in fact"; (2) a causal connection between the injury and conduct complained of; and (3) that it must be likely that the injury will be redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1991).  The Ninth Circuit requires "[t]he party seeking to invoke the jurisdiction of the federal Courts" to allege at the pleading stage "specific facts sufficient to satisfy" all of the elements of standing for each claim he seeks to press.  *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002).  "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."  *Whitmore v. Arkansas*, 495

U.S. 149, 155-56, (1990).   "It is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).  "The facts to show standing must be clearly apparent on the face of the complaint." *Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983).   However, the factual allegations need not be made with particularity beyond that required by *Twombly/Iqbal*.   Applying *Moss*, 572 F.3d at 969, standing may be based on "non-conclusory factual content, and reasonable inferences from that content," in the complaint that are "plausibly suggestive" of the existence of standing.

This Court previously granted non-contracting Defendants' motion to dismiss Plaintiff's complaint for lack of standing under Fed. R. Civ. Pro. 12(b)(1) and allowed Plaintiff one chance to amend his complaint to cure the deficiencies stated in the Order.[3]  Doc. 72.  Plaintiff then filed his First Amended Complaint.   Doc. 88.   However, Plaintiffs again fail to make sufficient allegations to establish standing with regard to the non-contracting Defendants MGIC, Republic, Radian, and Genworth.

This Court previously found that Plaintiff failed to allege that any injury he suffered is fairly traceable to the non-contracting Defendants.  Doc. 72.  In his original complaint, Plaintiff attempted to allege a single over-arching wheel conspiracy but failed to allege sufficiently a "rim," or connection, between the "spokes," or PMI Defendants.     *Id*. (internal citations and quotation omitted). Significantly, Plaintiff failed to allege that collective action by the PMI Defendants was necessary to maintain the scheme or that failure to act in concert would be economically self-defeating.  *Id*.  In his FAC, Plaintiff again suggests a single, over-arching "rimmed" conspiracy but again fails to allege the requisite connection between the PMI Defendants.  Plaintiff quotes an excerpt from Genworth's 10-K showing that Genworth suffered a "significant reduction in business" from lenders when it "sought to exit or restructure a portion of [its] excess-of-loss risk sharing arrangements," and that Genworth "reinstated or restructured some of these arrangements."  Doc. 88 ¶ 78.  Based on this, Plaintiff argues

---

[3] The Court notes that Genworth was not one of the non-contracting Defendants who had moved to dismiss the original complaint for lack of standing.  Because the same deficiencies in the FAC that prevent Plaintiff from establishing standing with regard to MGIC, Republic, and Radian also apply to destroy standing with regard to Genworth for the same reasons, and because Plaintiff specifically addressed Genworth in his FAC in an attempt to establish standing, the Court finds no reason to treat Plaintiff's claims against Genworth differently from Plaintiff's claims against the other non-contracting Defendants MGIC, Republic, and Radian.

that PMI Defendants "knew they had to participate and perpetuate this hidden scheme," that "[t]he single industry-wide scheme relied upon the cooperation of the Private Mortgage Insurers," and that "[i]f any one of the Private Mortgage Insurers failed to act collectively or reported the scheme, then the conspiracy would have failed." Doc. 88 at ¶¶ 79, 81. However, this shows, at most, that an individual PMI provider pulling out of the arrangement would result in economic harm to that individual PMI provider. It does not show or allow any reasonable inference that individual PMI providers failing to participate in the scheme would result in the unraveling of the scheme itself or harm to other PMI providers. In fact, it still does nothing to diminish the possibility that each PMI contracting with HSBC actually would "prefer that fewer of its competitors participate in the scheme, as it would then enjoy that much more of the [] steered business." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 332 (3rd Cir. 2010). Plaintiff emphasizes that PMI Defendants "acceded to and willingly participated in HSBC's captive reinsurance arrangements," and "chose [not] to do anything to upset the operation of the scheme," because "[t]he benefit of having a guaranteed stream of referrals (from all sources) was too great to risk by blowing the whistle on just one scheme." But, as this Court previously explained, the fact that an industry is insular does not automatically transform multiple, parallel schemes into one unitary scheme. Doc. 72, p. 10. In fact, Plaintiff seems to admit that the alleged arrangements constitute multiple parallel schemes and that each PMI provider's arrangement with HSBC is "just one scheme" among those multiple schemes. Doc. 88, ¶ 80.

For these reasons, Plaintiff once again fails to include sufficient allegations to establish his standing to bring suit against Defendants MGIC, Republic, Radian, and Genworth. Because Plaintiff had one chance to amend his complaint to cure the deficiencies and failed to do so, Plaintiff's claims against Defendants MGIC, Republic, Radian, and Genworth are DISMISSED WITH PREJUDICE.

**B.    Dismissal under Fed. R. Civ. P. 12(b)(6)**

Defendants also challenge the timeliness of Plaintiff's first cause of action under RESPSA and argue that Plaintiff failed to state a claim upon which relief can be granted in his second cause of action for common law unjust enrichment.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not

6

whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Gilligan v. Jamco Development Corp*., 108 F.3d 246, 249 (9th Cir.1997).  A Fed. R .Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir.1990); *Graehling v. Village of Lombard*, 58 F.3d 295,297 (7th Cir.1995).  A Fed. R. Civ. P. 12(b)(6) motion "tests the legal sufficiency of a claim ." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337–338 (9th Cir.1996).  Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig*., 536 F.3d 1049, 1055 (9th Cir.2008) (citation omitted).  A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal.1998).  In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir.1984)) .

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949, 173 L.Ed.2d 868 (2009), the U.S. Supreme Court explained:

> ... a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir.2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949, 173 L.Ed.2d 868).

Moreover, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense." *Quiller v. Barclays American/Credit, Inc*., 727 F.2d 1067, 1069 (11th Cir.1984).   For instance, a limitations defense may be raised by a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co*., 614 F.2d 677, 682 (9th Cir.1980); *see Avco Corp. v. Precision Air Parts, Inc*., 676 F.2d 494, 495 (11th Cir.1982), cert. denied, 459 U.S. 1037, 103 S.Ct. 450, 74 L.Ed.2d 604 (1982).   A Fed. R. Civ .P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682.   If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp*., 576 F.2d 697 (6th Cir.1978). With these standards in mind, this Court turns to HSBC Defendants' challenges to the claims in the FAC.

### 1.        RESPA Claim and Statute of Limitations

As the parties recognize, the applicable statute of limitations for Plaintiff's first cause of action under RESPA is one year from the date of the occurrence of the violation. *Edwards v. First American Corp*., 517 F.Supp.2d 1199, 1204 (C.D.Cal. 2007) (quoting 12 U.S.C. § 2614).   Plaintiff originally filed this action on March 12, 2012.  Plaintiff also does not contest that his claim accrued on

or around November 21, 2006, when he closed his loan.  Therefore, Plaintiff's RESPA claim is time-barred unless the limitations period has been tolled.  To that end, Plaintiff alleges that his RESPA claim was equitably tolled, that Defendants engaged in fraudulent concealment, and that the delayed discovery rule applies to toll the limitations period.  Defendants argue that none of these apply to Plaintiff's RESPA claim, and that it should be dismissed as untimely.

### i.        Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir.2000). The Ninth Circuit has explained:

> Unlike equitable estoppel, equitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing. Instead it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing until the plaintiff can gather what information he needs.... However, equitable tolling does not postpone the statute of limitations until the existence of a claim is a virtual certainty.

*Santa Maria*, 202 F.3d at 1178 (citation omitted).

Courts are reluctant to invoke equitable tolling:

> A statute of limitations is subject to the doctrine of equitable tolling; therefore, relief from strict construction of a statute of limitations is readily available in extreme cases and gives the court latitude in a case-by-case analysis.... The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it has been applied sparingly; for example, the Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire ... Courts have been generally unforgiving, however, when a late filing is due to

9

1   claimant's failure "to exercise due diligence in preserving his legal rights." ...

2   *Scholar v. Pac. Bell*, 963 F.2d 264, 267–268 (9th Cir.1992) (citations omitted).

3       Here, Plaintiff alleges no facts showing the exercise of any diligence on his part other than

4   one telephone conversation with an HSBC customer service representative named "Marlen" on March

5   5, 2012.   Doc. 88, ¶ 150.   This lone telephone conversation, which is apparently the only attempt

6   Plaintiff ever made at any sort of diligence over the course of five years after the accrual of Plaintiff's

7   claim, does not constitute Plaintiff "pursuing his rights diligently."   *Pace v. DiGuglielmo*, 544 U.S. at

8   418.

9       Plaintiff then attempts to get around his clear lack of diligence by arguing that reasonable

10  diligence on his part would have been futile because the "complex, undisclosed and self-concealing

11  nature of Defendants' scheme" would have prevented him from discovering the existence of a possible

12  RESPA claim, and that he was only able to discover the basis of his claim with the assistance of

13  counsel.   Doc. 88, ¶¶ 145-163.   However, Plaintiff fails to mention what "extraordinary circumstance"

14  prevented him from obtaining assistance from counsel earlier, or how not retaining counsel earlier

15  constitutes an "extraordinary circumstance" that prevented him from filing his claim within the

16  limitations period.   *Pace v. DiGuglielmo*, 544 U.S. at 418; *see*, *Ramirez v. Yates*, 571 F.3d 993, 997

17  (9th Cir.2009) (Party claiming equitable tolling must show "that the extraordinary circumstances were

18  the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a

19  petition on time" despite the exercise of reasonable diligence.).   Further, to follow Plaintiff's line of

20  reasoning, any plaintiff who requires the assistance of counsel to discover the existence of a claim,

21  including plaintiffs who conduct virtually no diligence, would be automatically entitled to equitable

22  tolling of the statute of limitations for an indefinite period of time until that plaintiff retains counsel.

23  As the Ninth Circuit has recognized, equitable tolling is not available in most cases because the

24  threshold to trigger equitable tolling is very high, "lest the exception swallow the rule."   *Porter v.*

25  *Ollison*, 620 F.3d 952, 959 (9th Cir.2010).   For these reasons, Plaintiff has failed to meet his burden of

26  showing that he exercised reasonable diligence and that he was impeded by some extraordinary

27  circumstance to qualify for equitable tolling of the statute of limitations on his RESPA cause of action.

28              ii.       **Fraudulent Concealment**

While "equitable tolling focuses on whether there was excusable delay by the plaintiff," "[e]quitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as fraudulent concealment." *Lukovsky v. City and County of San Francisco*, 5 F.3d 1044, 1051 (9th Cir. 2008) (citing *Johnson v. Henderson*, 314 F.3d 409 (9th Cir.2002)).

The Ninth Circuit recently explained:

A statute of limitations may be tolled if the defendant fraudulently concealed the existence of a cause of action in such a way that the plaintiff, acting as a reasonable person, did not know of its existence.   [The plaintiff] carries the burden of pleading and proving fraudulent concealment; it must plead facts showing that [the defendant] affirmatively misled it, and that [the plaintiff] had neither actual nor constructive knowledge of the facts giving rise to its claim despite its diligence in trying to uncover those facts.   A fraudulent concealment defense requires a showing both that the defendant used fraudulent means to keep the plaintiff unaware of his cause of action, and also that the plaintiff was, in fact, ignorant of the existence of his cause of action.

*Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) (internal quotations and citations omitted).

"Fraudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Santa Maria v. Pacific Bell*, 202 F.3d at 1177.   "Where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure." *Marzan v. Bank of America*, 779 F.Supp.2d 1140, 1149 (D.Haw. 2011) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir.1999)).

Plaintiff argues that the statute of limitations for his RESPA claim should be tolled because Defendants "knowingly and actively concealed the basis for Plaintiff's claims by engaging in a scheme that was, by its very nature and purposeful design, self-concealing." Doc. 88, ¶ 145.   Plaintiff also alleges that Defendants "engaged in affirmative acts and/or purposeful nondisclosure to conceal the facts and circumstances giving rise to" Plaintiff's RESPA claim.   Doc. 88, ¶ 151.   The affirmative acts

of fraudulent concealment by the Defendants that Plaintiff alleges are HSBC Defendants' use of form mortgage documents and disclosures that do not sufficiently put Plaintiff "on notice of the true nature of HSBC's captive reinsurance arrangements" and Defendants' faulty disclosures to state regulators. Doc. 88, ¶¶ 152, 155.   However, the Ninth Circuit has repeatedly rejected claims of fraudulent concealment where the plaintiffs fail to allege misrepresentation beyond the actual basis for the lawsuit.  *See*, *Coppinger-Martin v. Solis*, 627 F.3d 745, 751-52 (9th Cir. 2010), *Lukovsky v. City and County of San Francisco*, 5 F.3d at 1049-52.  Such arguments are untenable because they "merge[] the substantive wrong with the tolling doctrine" and "would eliminate the statute of limitations[.]" *Coppinger-Martin v. Solis*, 627 F.3d at 751-52, *Lukovsky v. City and County of San Francisco*, 5 F.3d at 1052.  Likewise, Plaintiff's argument that the nature of Defendants' "self-concealing" scheme and the form documents and disclosures used in that scheme constitute affirmative acts of fraudulent concealment must fail.  In addition, even if Plaintiff's allegation that Defendants "actively concealed their conduct" by making defective disclosures to state regulators is accepted as true, it does not meet the heightened pleading standard required by Fed. R. Civ. P. 9(b).  *Marzan v. Bank of America*, 779 F.Supp.2d at 1149.  Plaintiff fails to allege what "conduct" the Defendants concealed from the regulators, what disclosures Defendants made that were incomplete or inaccurate, or how these defective disclosures prevented Plaintiff from obtaining information about his claim in spite of exercising due diligence.  As such, Plaintiff failed to "state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P. 9(b).  For these reasons, Plaintiff failed to meet his burden in order to toll the statute of limitations on the basis of fraudulent concealment.

### iii.        Delayed Discovery

Under California's delayed discovery doctrine, "the limitations period does not accrue until the aggrieved party has notice of the facts constituting the injury." *E–Fab, Inc. v. Accountants, Inc. Services*, 153 Cal.App.4th 1308, 1318 (2007).  "The 'discovery rule' ... assumes that the elements of accrual including harm exist, but tolls the ruling of the statute until the plaintiff is on inquiry notice of its injury (and its wrongful cause)." *California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir.1995).  To rely on delayed discovery of a claim, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to

show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal.4th 797, 808 (2005) (quoting *McKelvey v. Boeing North American, Inc.*, 74 Cal.App.4th 151, 160 (1999)).

To satisfy the time and manner of discovery requirement, a plaintiff must allege "facts showing the time and surrounding circumstances of the discovery of the cause of action upon which they rely." *Bennett v. Hibernia Bank*, 47 Cal.2d 540, 563 (1956). "The purpose of this requirement is to afford the court a means of determining whether or not the discovery of the asserted invasion was made within the time alleged, that is, whether plaintiffs actually learned something they did not know before." *Bennett*, 47 Cal.2d at 563.

Moreover, "to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Fox*, 35 Cal.4th at 809, 27. The doctrine of delayed discovery requires a plaintiff to plead facts showing an excuse for late discovery of the facts underlying his cause of action. *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal.App.4th 1236, 1247 (1998). The plaintiff must show that it was not at fault for failing to discover or had no actual or presumptive knowledge of facts sufficient to put it on inquiry. *Prudential Home*, 66 Cal.App.4th at 1247. As to sufficiency of delayed discovery allegations, a plaintiff bears the burden to "show diligence" and "conclusory allegations" will not withstand dismissal. *Fox*, 35 Cal.4th 797, 808.

Plaintiff's only allegations in support of his claim of delayed discovery are that he was only able to discover the basis of his RESPA claim with the assistance of counsel and that he contacted HSBC in March 2012 after he discovered the underlying basis of his claim. Doc. 88, ¶¶ 149-150. Plaintiff fails to allege the time or manner of discovery at all other than that it was made with the assistance of counsel. The FAC therefore contains no "facts showing the time and surrounding circumstances of the discovery of the cause of action" as required for the application of delayed discovery. *Bennett v. Hibernia Bank*, 47 Cal.2d at 563. Plaintiff also fails to allege any facts showing that he exercised any diligence at all prior to discovery. Plaintiff is thus unable to plead that "despite diligent investigation of the circumstances of the injury, he or she could not have reasonably

1  discovered facts supporting the cause of action within the applicable statute of limitations period."

2  *Fox*, 35 Cal.4th at 809, 27 Cal.Rptr.2d 661.   Therefore, Plaintiff fails to adequately plead delayed

3  discovery for his RESPA claim.

4        Because Plaintiff fails to meet the requirements of equitable tolling, fraudulent concealment,

5  and delayed discovery, the statute of limitations for his RESPA claim was not tolled and his first cause

6  of action under RESPA against all Defendants is DISMISSED as time-barred.

7        **2.**      **Unjust Enrichment**

8        In his second cause of action, Plaintiff claims that HSBC Defendants received unjust

9  enrichment from the amounts ceded to HSBC RE by PMI Defendants as reinsurance premiums from

10  the private mortgage premiums paid by Plaintiff and the putative class members. Doc 88, ¶¶178-183.

11  Plaintiff further alleges that PMI Defendants received unjust enrichment from the steady stream of

12  business they received in return for ceding those portions of the borrowers' premiums to HSBC

13  Defendants. *Id.* at ¶¶178-183.   Defendants argue and Plaintiff does not contest that the statute of

14  limitations applicable to a claim of unjust enrichment under California law is three years.   *See*,

15  *Keilholtz v. Lennox Hearth Products Inc*., 268 F.R.D. 330, 336 (N.D. Cal. 2010), *Fed. Deposit Ins.*

16  *Corp. v. Dintino*, 167 Cal. App. 4th 333, 347 (2008), *First Nationwide Savings v. Perry*, 11 Cal. App.

17  4th 1657, 1670 (1992).   Therefore, Plaintiff's second cause of action, like his first cause of action, is

18  also time-barred unless that statute of limitations has been tolled.   Plaintiff argues that the delayed

19  discovery rule should apply to toll the limitations period for his unjust enrichment claim based on

20  "[t]he same allegations, discussed above, that warrant application of the discovery rule to delay accrual

21  of RESPA's one-year statute of limitation[.]"   Doc. 119, p. 13.   However, Plaintiff's allegations upon

22  which he attempts to claim delayed discovery for this RESPA claim fall far short of meeting the

23  pleading requirement for delayed discovery.   *Bennett v. Hibernia Bank*, 47 Cal.2d at 563, *Fox*, 35

24  Cal.4th at 809, 27 Cal.Rptr.2d 661.   Likewise, because Plaintiff offers no additional allegations, he also

25  fails to invoke the delayed discovery doctrine for his unjust enrichment claim.   *Id.*

26        For these reasons, Plaintiff's second cause of action for common law unjust enrichment

27  against all Defendants is DISMISSED as time-barred by the statute of limitations.

28

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court

    1.   DISMISSES WITH PREJUDICE this action against Defendants Mortgage Guaranty Insurance Corp., Republic Mortgage Insurance Co., Radian Guaranty, Inc., and Genworth Mortgage Insurance Corp.;

    2.   DISMISSES WITH LEAVE TO AMEND Plaintiff's first cause of action for violations of the Real Estate Settlement Procedures Act of 1974 and second cause of action for common law unjust enrichment against Defendants HSBC USA, Inc., HSBC Bank USA, N.A., HSBC Mortgage Corp., HSBC Reinsurance (USA), Inc, and United Guaranty Residential Insurance Co.; and

    3.   DIRECTS the Clerk of Court to enter judgment in favor of Defendants Mortgage Guaranty Insurance Corp., Republic Mortgage Insurance Co., Radian Guaranty, Inc., and Genworth Mortgage Insurance Corp. and against Plaintiff Lucas E. McCarn in that there is no just reason to delay to enter such judgment given that Plaintiff's claims against these Defendants and their alleged liability are clear and distinct from claims against and liability of other Defendants. *See* F.R.Civ.P. 54(b).

Plaintiff shall have one opportunity to file and serve a further amended complaint in an attempt to cure the deficiencies described herein.  Any such further amended complaint shall be filed and served within 20 days of electronic service of this order.  Plaintiff is not afforded leave to alter any other aspect of his First Amended Complaint.  Defendants HSBC USA, Inc., HSBC Bank USA, N.A., HSBC Mortgage Corp., HSBC Reinsurance (USA), Inc, and United Guaranty Residential Insurance Co. no later than 20 days after service of the further amended complaint shall file a response thereto.

IT IS SO ORDERED.

Dated:   __**November 9, 2012**__      __/s/ Lawrence J. O'Neill__
                                       UNITED STATES DISTRICT JUDGE